# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### September 30, 2002 Session

## STATE OF TENNESSEE v. STEVEN KEITH ARRINGTON

**Appeal from the Criminal Court for Greene County**
**No. 02CR005     James E. Beckner, Judge**

## FILED OCTOBER 30, 2002

### No. E2002-00249-COA-R3-CV

---

In this case from the Greene County Criminal Court the Appellant, Steven Keith Arrington, a juvenile, contends that there was insufficient evidence to support the jury's finding that he was guilty of aggravated kidnaping. Mr. Arrington also asserts that, assuming his conviction was proper, the Trial Court erred in failing to sentence him to an indeterminate commitment.  We affirm the judgment of the Trial Court and remand.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed; Cause Remanded

Houston M. Goddard, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and Charles D. Susano, Jr., JJ., joined.

William K. Ricker, Greeneville, Tennessee, for the Appellant, Steven Keith Arrington

Paul G. Summers, Attorney General and Reporter, and Kathy D. Aslinger, Assistant Attorney General, Nashville, Tennessee, for the Appellee, State of Tennessee

### OPINION

Mr. Arrington appeals the judgment of the Greene County Criminal Court and raises two issues which we restate as follows:

1. Was the evidence presented at trial sufficient to prove that Mr. Arrington committed the crime of aggravated kidnaping?

2.  Assuming that Mr. Arrington's conviction was proper, did the Trial Court err in failing to sentence him to an indeterminate commitment?

Joyce Bacon was employed as a night monitor at Holston United Methodist Home for Children (hereinafter "HUMHC") which is located in Greene County. On the evening of September

30, 2000, she was assigned to supervise Mr. Arrington and seven other juvenile boys then residing in a HUMHC dormitory facility known as Jones Cottage. Ms. Bacon was alone in the cottage with the juveniles. At around one a.m., while Ms. Bacon was in the office area of the cottage, one of the boys, who Ms. Bacon identified as J.S., grabbed her from behind and placed her in a choke hold. Maintaining his hold around Ms. Bacon's throat, J.S. wrestled her to the floor and another boy, who Ms. Bacon identified as Mr. Arrington, tied her feet with a shoe lace. Thereafter, a sheet was placed over Ms. Bacon's head and secured with tape and her hands were taped together. Although Ms. Bacon testified that she could no longer see what was going on around her, she could hear other people entering the office and sounds of plastic bags being opened, items being removed from shelves, a door being kicked in and wood splintering. At some point Ms. Bacon's hands were also tied with a telephone cord and she was lifted and carried to another room next to the office area.

After a period of time, Ms. Bacon became aware that the boys had left the cottage and she managed to free herself from her bonds. She then located a fellow employee of HUMHC in another cottage nearby and advised him of the incident, whereupon, Ms. Bacon's supervisor was contacted. It was subsequently discovered that five juveniles were missing from HUMHC, including Mr. Arrington .

On October 24, 2000, the Greeneville Police Department filed a petition in the Greene County Juvenile Court alleging that Mr. Arrington was delinquent for the charge of aggravated kidnaping as defined by T.C.A. 39-13-304(2)which provides that "[a]ggravated kidnaping is false imprisonment, as defined in § 39-13-302, committed to interfere with the performance of any governmental or political function." T.C.A. 39-13-302 provides that "[a] person commits the offense of false imprisonment who knowingly removes or confines another unlawfully so as to interfere substantially with the other's liberty."

After a bench trial on February 6, 2001, the Greene County Juvenile Court found Mr. Arrington guilty of aggravated kidnaping and transferred the case to the Roane County Juvenile Court for disposition, Roane County being Mr. Arrington's county of residence. At the disposition hearing on April 24, 2001, the Roane County Juvenile Court entered its order sentencing Mr. Arrington to "Consecutive commitment to DCS justice, determinate until age 19." Mr. Arrington then filed a notice of appeal and the case was transferred to the Greene County Criminal Court for trial *de novo*.

On January 28, 2002, a trial by jury was held and Mr Arrington was again found guilty of aggravated kidnaping. In accord with the jury's verdict, on January 28, 2002, the Criminal Court entered its judgment which declared Mr. Arrington to be a delinquent child and remanded the case to the Roane Court Juvenile Court for enforcement. Thereafter, Mr. Arrington filed a motion for a new trial; however, by order entered February 1, 2002, the Criminal Court denied this motion and specified that it was remanding the case to the Roane County Juvenile Court "for a final determination, including sentencing." This appeal followed.

The first of the two issues raised by Mr. Arrington in this appeal asserts that there was insufficient evidence to support the jury's verdict finding him guilty of aggravated kidnaping and, therefore, insufficient evidence to declare him delinquent under T.C.A. 37-1-129(b) which requires that there be proof beyond a reasonable doubt that he committed the acts by reason of which he is alleged to be delinquent.

In reviewing the evidence on appeal we may not re-weigh or re-evaluate the evidence. *State v. Evans*, 838 S.W.2d 185 (Tenn. 1992). Nor may we substitute our own inferences for those drawn by the jury. *Liakas v. State*, 286 S.W.2d 856 (Tenn. 1956). Any conflicts in the trial testimony are to be resolved in favor of the jury's verdict and the judgment of the trial court and "a jury's finding of guilt, approved by the trial judge, should be set aside by an appellate court only if the evidence is insufficient for a rational trier of fact to find guilt beyond a reasonable doubt." *State v. Tuggle*, 639 S.W.2d 913 (Tenn. 1982).

The first ground Mr. Arrington asserts for his argument that there was a deficiency of proof to support the jury's verdict in this case is that, although Ms. Bacon testified that she wears glasses all the time, she admitted that she was not wearing glasses when she recognized Mr. Arrington as one of the juveniles who participated in her kidnaping. Mr. Arrington also refers us to his own testimony that he was in his room during the assault on Ms. Bacon and that Ms. Bacon's feet were, in fact, tied by another juvenile, S.C., who is approximately the same size as Mr. Arrington. The implication of these assertions is, of course, that Ms. Bacon mistook Mr. Arrington for S.C. as the individual who tied her feet and assisted in the kidnaping.

As noted above, we are required to resolve any conflicts in testimony in favor of the jury's verdict and, in compliance with that requirement, we must disregard Mr. Arrington's testimony that he was in his room when the assault occurred and that it was not he, but another juvenile, who tied Ms. Bacon's feet. Additionally, Ms. Bacon's admission that she was not wearing her glasses when she identified Mr. Arrington as a participant in the kidnaping does not negate other evidence in the record which is adequate to support the jury's finding of guilt beyond a reasonable doubt. Ms. Bacon's testimony at trial regarding Mr. Arrington's presence and participation at the time she was held in a choke hold by J.S. was as follows:

> Q. Okay. Now, at that point in time, were you able to identify any of the other people in the room?
>
> A. Yes, sir. I could.
>
> Q. Recognizing that this was your first night in the cottage, did you know any of those other young men?
>
> A. Yes, sir. There was one gentleman that I had had in my care before that I recognized.

Q. And who was that?

A. Steven Arrington.

...

Q Now, shifting your attention ... to Mr. Arrington, please tell the ladies and gentlemen of the jury what Mr. Arrington did.

A. The boys decided to tie me up. Mr. Arrington came up with a pair of shoe laces, tied my feet while Jessie held my hands, held me around the throat.

No evidence was presented that Ms. Bacon's vision was so impaired without her glasses that she would not have been able to identify Mr. Arrington as one of the juveniles involved in her kidnaping. We also note the following additional testimony from Ms. Bacon showing that she was able to identify Mr. Arrington by voice as well as by sight:

Q. Okay. Now, please tell the ladies and gentlemen of the jury how long this process took from the time you were placed in the choke hold until you were moved into the therapist's office.

A. To the best of my knowledge, it was about fifteen minutes.

Q. Now, all during that time were you able to hear voices?

A. Yes, sir. I was.

Q. And are you familiar with the voice of the defendant, Mr. Steven Arrington?

A. Yes, sir. I am.

Q. While this ordeal was ongoing, did you hear his voice?

A. Yes, sir. I did.

We find the testimony of Ms. Bacon sufficient to support the jury's verdict in this matter and, neither the fact that Ms. Bacon was not wearing her glasses when she recognized Mr. Arrington, nor any other evidence in the record raises a reasonable doubt that Mr. Arrington was guilty of the crime of which he was convicted.

The other argument Mr. Arrington presents regarding sufficiency of proof in this case is that the State failed to establish beyond a reasonable doubt that HUMHC was performing a governmental function at the time of the assault upon Ms. Bacon. We disagree.

Although a private entity, it is, nevertheless, manifest that HUMHC was performing a governmental function at the time of the attack upon Ms. Bacon. Mr. Arrington testified that he was transferred to HUMHC by officers of the Tennessee Department of Children Services and that, when he went to HUMHC, he was in state custody and obliged to stay there until released by the state. When asked if he benefitted from Ms. Bacon's feet being bound, Mr. Arrington testified that he ran away. From this evidence alone it is apparent that, at the time of the attack on Ms. Bacon, HUMHC had been delegated the governmental function of maintaining custody of Mr. Arrington. When Mr. Arrington tied Ms. Bacon's feet and fled he interfered with performance of that function. Mr. Arrington's contention that it was not established beyond a reasonable doubt that he interfered with a governmental function is without merit

The other issue raised by Mr. Arrington in this appeal is whether the Criminal Court erred in not sentencing him to an indeterminate commitment. In his brief Mr. Arrington asserts that the April 24, 2001, disposition of the Roane County Juvenile was erroneous because the juvenile justice statutes in this state make no provision for consecutive commitment of a juvenile and because the criteria for a determinate commitment, as set forth at T.C.A. 37-1-137, were not met in this case. Mr. Arrington argues that the Criminal Court should have acted upon his appeal of the Juvenile Court's disposition of April 24, 2001, by granting him an indeterminate sentence.

In its judgment entered January 28, 2002, the Criminal Court recited the jury's verdict that Mr. Arrington was guilty of aggravated kidnaping and found him to be a delinquent child. The Court further remanded the case to the Roane County Juvenile Court for enforcement of the judgment. Thereafter, on February 1, 2002, the Criminal Court entered an order upon Mr. Arrington's motion for new trial reiterating the verdict of the jury and the finding of delinquency and decreeing that the case be remanded to the Roane County Juvenile Court "for final determination, including sentencing." We find that the Criminal Court's remand is supported by T.C.A. 37-1-112(a) which provides in pertinent part as follows:

> If the child resides in a county of this state and the proceeding is commenced in a court of another county, the court, ... on its own motion after a finding of fact, may transfer the proceeding to the county of the child's residence for further action.

It is our conclusion that the Criminal Court, in its discretion, properly remanded the case to the Roane County Juvenile Court for sentencing. Because the January 28, 2002, judgment and February 1, 2002, order appealed by Mr. Arrington do not impose a sentence upon him, we decline to address issues raised with respect to what would constitute an appropriate sentence in this case. T.R.A.P. 3(a).

For the foregoing reasons the judgment of the Criminal Court is affirmed and the cause is remanded for such further proceedings as may be necessary and collection of costs below. Costs of appeal are adjudged against Steven Keith Arrington.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE